WRIGHT, J., CONCURRING:
While I concur with the majority that the trial court did not abuse its discretion, I write separately to address concerns I have with future cases based upon similar facts.
As the majority acknowledges, "[s]ex-offender-registrant status does not always automatically equate to a finding of neglect under KRS 600.020." I agree with that statement in light of recent legislative developments. At the time the trial court considered this case, none of the sex offender registry statutes addressed whether a parent on the registry could reside with his or her biological children. However, the Legislature has recently spoken on this issue. The newly-enacted KRS 17.545(4) provides, in pertinent part:
(a) Except as provided in paragraph (b) of this subsection, no registrant who is eighteen (18) years of age or older and has committed a criminal offense against a victim who is a minor shall have the same residence as a minor.
(b) A registrant who is eighteen (18) years of age or older and has committed a criminal offense against a victim who is a minor may have the same residence as a minor if the registrant is the spouse, parent, grandparent, stepparent, sibling, stepsibling, or court-appointed guardian of the minor, unless the spouse, child, grandchild, stepchild, sibling, stepsibling, or ward was a victim of the registrant.
In this statute, the Legislature stated that a registered sex offender "may have the same residence" as his minor children who were not his victims. Id.
This statute did not apply in the case at bar, however, as it goes on to state: "(c) This subsection shall not operate retroactively and shall apply only to a registrant that committed a criminal offense against a victim who is a minor after July 14, 2018." The offenses in the present case were committed well before the date identified in the statute. However, the legislature has now spoken on this matter-and trial courts should be mindful of this change. Going forward, determinations of neglect should be based on more than the fact that a child resides in the home with a sex offender with whom they are statutorily permitted to reside.
Venters, J., joins.